JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CARLOS CORREA

### DEFENDANTS

NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - Med. Malpractice | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal 28 USC 157 | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 340 Marine | **PERSONAL PROPERTY** | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ☒ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 690 Other | | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❏ 810 Selective Service |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 196 Franchise | | | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 892 Economic Stabilization Act |
| ❏ 220 Foreclosure | ❏ 442 Employment | **Habeas Corpus:** | ❏ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | ❏ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - Alien Detainee | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 440 Other Civil Rights | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ❏ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE
03/14/2013

SIGNATURE OF ATTORNEY OF RECORD

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 75 Abbott Street, 1st Floor, Providence, RI 02906

Address of Defendant: 507 Prudential Road, Horsham, PA 19044

Place of Accident, Incident or Transaction: _____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Craig Thor Kimmel , counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

**DATE:** 03/14/2013 _____   57100
                        Attorney-at-Law                Attorney I.D.#
    **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

**DATE:** 03/14/2013 _____   57100
                        Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CARLOS CORREA | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| NCO FINANCIAL SYSTEMS, INC. | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( )


| | | |
|---|---|---|
| 03/14/2013 | Craig Thor Kimmel | Plaintiff, Carlos Correa |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS CORREA, | ) |
|       Plaintiff | ) |
|   v. | ) **Case No.:** |
| NCO FINANCIAL SYSTEMS, INC., | ) **COMPLAINT AND DEMAND FOR** |
|       Defendant | ) **JURY TRIAL** |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

CARLOS CORREA ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

- 1 -

**JURISDICTION AND VENUE**

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business and has its principal office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5.    Plaintiff is a natural person residing in Providence, Rhode Island 02906.

6.    Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7.    Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

8.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. §

- 2 -

1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a consumer debt of another person.

9.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.   At all relevant times, Defendant was contacting Plaintiff in an attempt to collect an alleged consumer debt of another person.

11.   Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12.   Beginning in December 2012, and continuing through February 2013, Defendant continuously and repeatedly contacted Plaintiff on his home telephone in its attempts to collect a debt of another person, specifically a person named "Blanca."

13.   Plaintiff knew it was Defendant calling because he received numerous automated messages, wherein Defendant identified itself as "NCO Financial Systems."

14.   Also, Plaintiff has spoken with Defendant's collectors and they have identified themselves as calling from "NCO Financial Systems."

15.   Defendant contacted Plaintiff, on average, one (1) to four (4) times a day, calling him multiple days a week during December 2012 through February 2013.

16.   In those instances when Plaintiff spoke with Defendant, Defendant informed him that it was calling to collect a debt from an individual named "Blanca."

17.   Plaintiff is not "Blanca," and no one named "Blanca" lives at the number Defendant was calling.

18.   On numerous occasions, Plaintiff informed Defendant that he is not "Blanca," that no one named "Blanca" lives at the number it was calling, and to remove his number from its database and to stop calling him.

19.   Defendant's collectors acknowledged Plaintiff's request, causing him to believe that it would remove his number from their database and stop calling him.

20.   On one occasion, Plaintiff spoke with one of Defendant's supervisor's, Norman, and advised that he was not "Blanca" and no one by the name "Blanca" lived at that address.

21.   Defendant's collectors assured Plaintiff that his number would be removed from their call list, but Defendant continued to call in its attempts to collect a debt from another person.

PLAINTIFF'S COMPLAINT

22.   Once Plaintiff informed Defendant that it was calling the wrong number, there was no lawful purpose to continue calling Plaintiff, and its continued contacts could only serve to annoy, abuse and harass.

23.   Upon information and belief, Defendant failed to update its records and/or failed to investigate the information provided by Plaintiff to avoid further harassment.

24.   Defendant continued to call Plaintiff through February 26, 2013.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

24.   Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692b(3).

    a. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

    b. Here, Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff more than once about another

person's debt, despite having been notified that it was calling the wrong person and that Plaintiff did not want to receive its collection calls.

## COUNT II

25.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

    a.  Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

    b.  Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c.  Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff approximately one (1) to four (4) times a day, including weekends, with the intent to annoy, abuse and harass Plaintiff, as Plaintiff had informed Defendant on more than one occasion it was calling the wrong person.

## COUNT III

- 6 -

26.   Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

    a.  Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

    b.  Here, Defendant violated §1692f of the FDCPA by failing to update its records to avoid the further harassment of Plaintiff after having been told it was calling the wrong person, as well as claiming that it would remove Plaintiff's number from his call logs, when it had no intention to do so, as evidenced by its continued calls to Plaintiff.

WHEREFORE, Plaintiff, CARLOS CORREA, respectfully prays for a judgment as follows:

    a.   All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.


## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CARLOS CORREA, demands a jury trial in this case.


RESPECTFULLY SUBMITTED,

DATED: 03|14|13

KIMMEL & SILVERMAN, P.C.

By: _____
CRAIG THOR KIMMEL
PA Attorney Id. No. 57100
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 116
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT